UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARKEN ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14 CV 921 CDP |
| | ) |
| STRATUS BUILDING SOLUTIONS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This employment discrimination case is before me on defendant's unopposed motion to dismiss for lack of personal jurisdiction related to the service of process. The court has jurisdiction, because the defendant is properly in the case, despite being served under the wrong name. Defendant also moves for dismissal on the alternative ground that plaintiff is not an employee as is required to state a claim for discrimination under Title VII and the ADEA. However, the question of whether an employer-employee relationship exists is fact-intensive and cannot be determined at the current stage in the proceedings. The motion to dismiss will be denied.

## Background

Plaintiff Larken Alexander, who is appearing before the Court *pro se*, has filed a complaint alleging unlawful employment discrimination against defendant.

Plaintiff caused his complaint and summons to be served on "Stratus Building Solutions" at 1861 Craig Road, St. Louis, Missouri 63146. Simpatico, Inc., which conducts business as "Stratus Building Solutions of St. Louis," maintains its principal place of business at that address and there received the complaint and summons.

In his complaint, Alexander alleges that he was an employee of Stratus Building Solutions and that he was discriminated against on the basis of his race, gender, and age in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. He alleges that he was hired as a cleaner and was told by his manager that if he filed another EEOC charge, "that would be my black ass." After filing such a charge against a "contracted client," Alexander was told "not to report for work because I was a black man out of control."

Simpatico seeks dismissal of this case for two reasons. First, Simpatico argues that it was never properly served with the complaint, and so this court lacks jurisdiction over it. Second, Simpatico argues that Alexander is an independent contractor by nature of a Unit Franchise Agreement executed between itself and Alexander. Simpatico argues that because the two parties lack an employer-employee relationship, Alexander cannot state a claim for relief under Title VII or the ADEA.

**Discussion**

In ruling on a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto. Servs., Inc.*, 432 F.3d 866, 867 (8th Cir. 2005)). A motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003).

This is especially true when, as here, a plaintiff is proceeding *pro se*. *Pro se* pleadings are to be construed liberally and are held to lesser standards than those drafted by an attorney. *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). Nevertheless, *pro se* pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Jurisdiction

As a preliminary matter, this court finds that Simpatico's arguments as to jurisdiction fail. Given the relationship between the two parties, it is obvious that Alexander intended to name Simpatico, a corporate entity conducting business as "Stratus Business Solutions of St. Louis" as the defendant in this case but mistakenly named the party "Stratus Business Solutions."

There is a "well-recognized distinction between a complaint that sues the wrong party, and a complaint that sues the right party by the wrong name." *Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000). "This misnomer principal is most obviously appropriate where the plaintiff has sued a corporation but misnamed it." *Id.* The traditional misnomer principle is reflected in the current Federal Rules of Civil Procedure in both Rule 4(a), which gives the district court discretion to amend a summons, and, "more importantly, in Rule 15(c)(3)," *id.*, which provides for relation-back of amendments.

Moreover, it is equally clear, given the motion now under advisement, that Simpatico received notice of the suit when it was served under the incorrect name at its principal place of business. Such a mistake is unsurprising, given the defendant's decision to use a fictitious name in pursuit of its business.

The standards for invoking misnomer have been satisfied in this case, and defendant has not shown that it would be prejudiced in defending on the merits.

Employment Status

Simpatico also moves the Court to dismiss the complaint in its entirety on the basis that plaintiff was not an employee of defendant. According to Simpatico, plaintiff was an independent contractor and, therefore, he cannot state a claim of employment discrimination against defendant under Title VII or the ADEA.

Simpatico is correct that Title VII and the ADEA protect employees but not independent contractors. *See Ernster v. Luxco, Inc.*, 596 F.3d 1000, 1003 (8th Cir. 2010) (ADEA); *Schwieger v. Farm Bureau Ins. Co. of NE*, 207 F.3d 380, 483 (8th Cir. 2000) (Title VII). The existence of a contract referring to a party as an independent contractor does not end the inquiry, because an employer "may not avoid Title VII by affixing a label to a person that does not capture the substance of the employment relationship." *Devine v. Stone, Leyton & Gershman, P.C.*, 100 F.3d 78, 81 (8th Cir. 1996). Rather, the Eighth Circuit has instructed that in conducting this inquiry, district courts are to use the common law agency definition of employee. *Hunt v. State of Mo., Dept. of Corrections*, 297 F.3d 735, 742 (8th Cir. 2002). The "right to control the manner and means by which tasks are accomplished" is the "primary consideration" in determining who is an employee, in addition to a number of other factors, which are "fact-intensive." *Id.* (referring to twelve factors that are relevant to the inquiry, but which are not exhaustive).

In his complaint, Alexander alleges that the misnamed defendant was his employer. Due to the current posture of the case, pertinent facts about the working relationship between Alexander and Simpatico are not before the court. The issue, therefore, is not ripe for review and is more appropriate for consideration on a motion for summary judgment. The court will deny Simpatico's motion for dismissal without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of jurisdiction or in the alternative for failure to state a claim [#11] is **denied**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of November, 2014.